**ARLEN WHEELER & ASSOCIATES, INC. and Arlen Wheeler, Individually, Appellants,**

**v.**

**SMITH BROTHERS PROPERTIES, Appellee.**

**No. 2–91–124–CV.**

Court of Appeals of Texas, Fort Worth.

Feb. 26, 1992.

Gardere & Wynne, Daniel J. Davis, Dallas, for appellants.

Kelsoe, Anderson & Khoury, Robert L. Kelsoe, Dallas, for appellee.

Before HILL, MEYERS and DAY, JJ.

OPINION

MEYERS, Justice.

Appellants, Arlen Wheeler & Associates and Arlen Wheeler, individually, appeal a take-nothing judgment in favor of Smith Brothers Properties. The case involves a letter agreement between Wheeler, Arlen Wheeler & Associates, Inc. (AWAI), and appellee, Smith. AWAI and Wheeler filed suit alleging breach of contract and requesting damages. The trial court dismissed the claims of AWAI for the reason that AWAI's right to do business had been forfeited and AWAI had no right to proceed under Texas laws.[1] The trial court also held Wheeler was not entitled to recover unpaid funds under the agreement.

We affirm.

---

1. A cost bond was filed on behalf of both Wheeler and AWAI. No brief was filed on behalf of the corporation; however, the same attorney represents both appellants and has informed this court that "[t]o the extent that this Court finds that the record supports a holding that Arlen Wheeler & Associates, Inc. may not pursue this cause of action, it is brought, alternatively, by Arlen Wheeler as an individual with owning sole beneficial interest in the assets of Arlen Wheeler & Associates, Inc." Because AWAI has elected not to comply with the Texas Rules of Appellate Procedure and file an appellate brief, the question of whether the trial court correctly dismissed AWAI's suit is not before this court. The question of whether Arlen Wheeler is entitled to bring this action as a shareholder of AWAI is the subject of Wheeler's first point of error.

On January 23, 1985, Wheeler and Smith Brothers entered into an agreement to develop a shopping center in Haltom City, Texas. Pursuant to the agreement AWAI was to "provide all developmental services required to obtain necessary permits, interim financing, design, construction, and an occupancy level by desirable tenants of 95% of net leasable area." For providing said services, AWAI was to be paid "a total fixed fee including unallocable overhead of $108,400.00, plus reimbursement of all verifiable out-of-pocket expenses incurred." This amount was payable to AWAI in an initial $40,000.00 payment, with "periodic payment of the earned portion of this development fee" to "coincide with the monthly Construction Application for Payment; and that the proportion of this total fee paid to AWAI at the end of any month [to] correspond to the proportion of the available space leased to responsible tenants during that month," and "a final payment of the unpaid balance of $108,400.00 [to] be made upon the attainment of an occupancy rate of 95%."

On December 31, 1985, Wheeler, AWAI, and Smith Bros. signed another letter agreement setting out Wheeler's and AWAI's management of the same shopping center, Fossil Creek Park Shopping Center.

Both agreements were terminated by Smith Bros. for failure to comply with the lease-up provisions of the agreements within a reasonable time. Wheeler and AWAI filed suit against Smith Bros., alleging breach of contract and requesting damages. The trial court rendered judgment that Wheeler take nothing.

■ We will begin by addressing Wheeler's second point of error. In his second point Wheeler argues AWAI was not required to lease 95% of the project as a condition precedent to recovery under the January 23, 1985 agreement. Wheeler argues this agreement does not specifically state that AWAI is responsible for leasing the space, and that they were only required to locate or secure the services of a leasing agent. And further, that in the absence of a condition precedent, the trial court was . required as a matter of law to interpret the language of the agreement as merely setting a time for payment.

The agreement in pertinent part states: Arlen Wheeler and Associates, Inc. will provide all developmental services required to obtain necessary permits, interim financing, design, construction, and an occupancy level by desirable tenants of 95% of net leasable area for the subject project for a total fixed fee including unallocable overhead of $108,400.00, plus reimbursement of all verifiable out-of-pocket expenses incurred.

Wheeler argues the trial court incorrectly defined the term "developmental services" to include leasing obligations, and that extraneous evidence should be admissible to determine the meaning of this ambiguous term. We disagree.

The terms of the agreement clearly state there is an obligation on the part of AWAI to obtain an occupancy of desirable tenants of 95% before the sums are due and payable, and that any amounts due under the agreement are earned upon performance.

■ Further, provisions relating to the construction of the agreement are strictly construed against the author, which in this case is AWAI. *See Republic Nat'l Bank v. Northwest Nat'l Bank,* 578 S.W.2d 109, 115 (Tex.1978). Clearly, the express language of the agreement requires AWAI to obtain an occupancy by desirable tenants of 95% of the net leasable area.

■ Additionally, Wheeler argues obtaining a 95% occupancy level was not a condition precedent to AWAI's recovery under the agreement. The agreement states:

It is the intention of both parties that periodic payment of the earned portion of this development fee will coincide with the monthly Construction Application for Payment; and that the proportion of this total fee paid to AWAI at the end of any month will correspond to the proportion of the available space leased to responsible tenants during that month.

■ In determining whether a condition precedent exists, the intent of the parties must be ascertained from an examination

of the entire instrument. *Stitt v. Royal Park Fashions,* 546 S.W.2d 924, 926 (Tex. Civ.App.—Dallas 1977, writ ref'd n.r.e.). In the present case, it is clear that the parties intended the leasing of the space to be a condition precedent of payment. The agreement states that the fee paid at the end of the month will correspond to the space leased during that month. Thus, the provisions of the agreement require that the space be leased as a condition of payment, and payment is only to be made for property which has been leased.

Wheeler argues that the holding in *Wisznia v. Wilcox* is dispositive in this case. *Wisznia v. Wilcox,* 438 S.W.2d 874 (Tex. Civ.App.—Corpus Christi 1969, writ ref'd n.r.e.). In *Wisznia* the court noted that the first sentence in the disputed contract contained an express, unqualified, and unconditional promise by the defendant to pay to the plaintiff an amount, while the second sentence merely established timing for such payment. *Id.* at 876. And further, it was clear from the language of the contract that it was the intention of the parties that plaintiff would be paid by defendant for the labor performed and services rendered, and that the obligation to pay was absolute. *Id.*

The facts in the present case clearly differ from those in *Wisznia.* In the present case, it is clear from the language of the agreement that it was the intention of the parties that AWAI be paid upon obtaining an occupancy level by desirable tenants of 95% of net leasable area. It is undisputed that the 95% level of occupancy was never obtained, thus, Wheeler and AWAI are not entitled to recover any of the unpaid monies under the contract. Wheeler's second point of error is overruled.

In Wheeler's first point of error he argues that he is entitled to assert AWAI's claims as the sole shareholder and beneficial owner of AWAI. Because we are holding that Wheeler did not comply with the condition precedent in the contract, neither he nor the corporation are entitled to recover on the contract and we need not reach the issue of whether or not Wheeler is entitled to assert AWAI's claims. Wheeler's first point of error is overruled.

Judgment is affirmed.